QUESTION: May a city enter into an agreement with an insurance company pursuant to Ch. 166, F.S., the Municipal Home Rule Powers Act, to provide hospitalization insurance for city employees, the insurance premiums to be paid in part by the city and in part by an amount deducted from the employees' salary and wages?
SUMMARY: Pursuant to s. 167.421, F.S. 1971, as continued in effect by the Municipal Home Rule Powers Act, Ch. 166, F.S., and subject only to the otherwise valid terms and conditions which it chooses to prescribe, the governing body of a municipality may continue to provide hospitalization and certain other types of group insurance for municipal officers and employees and pay any part or all of the premiums therefor. Section 167.421, F.S. 1971, provided, in general, that, upon the adoption of a resolution or ordinance manifesting an intention to do so, the governing body of a municipality could enter into agreements with insurance companies to provide hospitalization and certain other types of group insurance for city officers and employees. The statute also provided that the premiums for such group insurance, in which participation was entirely voluntary, could be paid in part by the participants' contributions, deducted from their salaries and wages, and, in part or in total, by the municipality. Chapter 167, F.S. 1971, including s. 167.421, id., was repealed by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F.S.). However, s. 5 of Ch. 73-129 (now s. 166.042) provides that the repeal of the chapters of the Florida Statutes enumerated therein, including Ch. 167, "shall not be interpreted to limit or restrict the powers of municipal officials," and that it is the legislative intent that . . . municipalities continue to exercise all the powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. Thus, I am of the opinion that the governing body of a municipality may continue to exercise the authority formerly delegated by s. 167.421, subject only to the otherwise valid terms and conditions which it chooses to prescribe. Cf. Penn v. Pensacola-Escambia Governmental Center Authority, 311 So.2d 97, 101 (Fla. 1975); AGO's 074-274, 075-101, and 075-171. See also s. 166.021, authorizing municipalities to "exercise any power for municipal purposes, except when expressly prohibited by law"; and 3 McQuillin Municipal Corporations s. 12.173, pp. 724-725, stating that the contribution by a municipality to premiums on group hospital insurance policies of employees is not unconstitutional as an attempt to grant public money in aid of individuals. (See Art. VII, s. 10, State Const.). Your question is answered in the affirmative.